UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WAYNE T. ALLSUP, | ) | CASE NO. 3:11 CV 1508 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RICHARD SMITH, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 22, 2011, plaintiff *pro se* Wayne T. Allsup, an inmate at Toledo Correctional

Institution, filed this *in forma pauperis* civil rights action against Richard Smith, Kenton Clerk of

Courts, Gina Messner, Susan Leeth, Carrie Haidenschild, Brad Bailey and Judge Grimslid.  The

complaint, which seeks monetary relief and plaintiff's release from prison, alleges plaintiff was

improperly convicted in the Ohio Court of Common Pleas.[1]  For the reasons stated below, this action

is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief

---

[1]  The website for the Ohio Department of Rehabilitation and Correction reflects Allsup was convicted of numerous offenses, and that his prison term expires in September 2020. See, http://www.drc.ohio.gov/OffenderSearch/Search.aspx .

can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).